IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| TRAMICA NEWTON,<br><br>　　Plaintiff,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS, ROCKET MORTGAGE LLC, and RUBIN LUBLIN LLC,<br><br>　　Defendants. | Case No. __1:23cv308HSO-BWR__ |

## NOTICE OF REMOVAL

COME NOW, Rocket Mortgage LLC ("Rocket"), and Rubin Lublin LLC ("Rubin Lublin"), two of the purported[1] Defendants in the above-styled civil action, and file this Notice of Removal, hereby removing this action to the United States District Court for the Southern District of Mississippi, Southern Division. The Defendants state the following grounds in support of removal:

1.　　On October 6, 2023, Plaintiff Tramica Newton (the "Plaintiff") filed her Complaint (the "Complaint") in the Circuit Court of Hancock County, Mississippi (the "State Court"). This case is styled as *Newton v. Deutsche Bank et al.* and was assigned Case No. 23CI1:23-cv-00164 (the "State Court Action"). True and correct copies of all filings to date in the State Court Action are collectively attached hereto as **Exhibit "A"**.

---

[1] It is unclear who the defendants are in this action. The case caption names Rocket, Rubin Lublin, and Deutsche Bank Trust Company Americas. However, the body of the Complaint names only Deutsche Bank Trust Company Americas as a defendant. The Civil Cover Sheet, however, names only Rubin Lublin and Rocket as defendants without any mention of Deutsche Bank Trust Company Americas.

1

2. Rocket and Rubin Lublin have not been properly served with process, especially as the docket in the State Court Action reflects that summonses have not yet been issued to any of the Defendants. Accordingly, this removal is timely under 28 U.S.C. § 1446(b)(1).

3. Deutsche Bank National Trust Company Americas does not need to join in and consent to removal because it has not been served with process. *See* 28 U.S.C. § 1446(b)(2) (only "defendants who have been properly joined and served must join in or consent to the removal of the action.").

4. The United States District Court for the Southern District of Mississippi, Southern Division, embraces Hancock County, Mississippi. Removal to this Court is therefore proper under 28 U.S.C. § 1441(a).

5. This Notice of Removal is being filed in accordance with 28 U.S.C. § 1446 and Fed. R. Civ. P. 81(c). In compliance with 28 U.S.C. § 1446(d), Rocket and Rubin Lublin will, upon docketing of the Notice of Removal in this Court, file a copy of the Notice of Removal with the Clerk of the Circuit Court of Hancock County, Mississippi.

## **FEDERAL QUESTION JURISDICTION**

6. It appears from the Complaint that the Plaintiff may have intended to file her Complaint in this Court, but mistakenly filed it in the State Court. In Paragraph 6 of the Complaint, the Plaintiff admits this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1131 and § 1132.

7. This Court possesses federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint raises issues and claims under the laws of the United States. Specifically, the Plaintiff alleges claims arising under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Complaint at ¶¶ 6, 10,19, 24, 33, 50-59.

8. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1367(a). This Court possesses "supplemental jurisdiction over all state law claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 742-43 (11th Cir. 2006) (citation omitted).

9. The Plaintiff's state law claims are: 1) negligence (Complaint at ¶¶ 60-68); 2) fraud (*id.* at ¶¶ 69-89); 3) slander of title (*id.* at ¶¶ 90-100); 4) declaratory relief (*id.* at ¶¶ 101-109); and 4) rescission (*id.* at ¶¶ 110-115). The state law claims and federal claims all arise out of the same set of facts concerning a dispute with the Defendants over the Plaintiff's mortgage and subsequent foreclosure sale. *See id.* at ¶¶ 5-24. Because the state law claims arise from the same nucleus of operative fact as the federal claims, this Court can properly exercise supplemental jurisdiction over the state law claims at issue.

15. By filing this Notice of Removal, Rocket and Rubin Lublin do not waive any of their jurisdictional objections or affirmative defenses.

WHEREFORE, Rocket and Rubin Lublin pray that the State Court Action proceed in this Court as an action properly removed, and that no further proceedings be had in said State Court Action.

Respectfully submitted, this 6th day of November, 2023.

> /s/ Amanda M. Beckett
> AMANDA M. BECKETT (MS Bar No. 102738)
> **RUBIN LUBLIN, LLC**
> 428 N. Lamar Blvd., Suite 107
> Oxford, MS 38655
> (678) 281-2971 (Telephone)
> (470) 508-9203 (Facsimile)
> abeckett@rlselaw.com
>
> *Attorney for Rocket Mortgage, LLC and Rubin Lublin, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I have, this 6th day of November, 2023, served all parties in this matter with the foregoing by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Tramica Newton
5029 Crescent Ridge Dr.
Kiln, MS 39556

/s/ Amanda M. Beckett
AMANDA M. BECKETT (MS Bar No. 102738)