**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **TRAMICA NEWTON** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:23cv308-HSO-BWR** |
| | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL** | § | |
| **TRUST COMPANY AMERICAS,** | § | |
| **ROCKET MORTGAGE LLC, and** | § | |
| **RUBIN LUBLIN LLC** | § | **DEFENDANTS** |

## MEMORANDUM ORDER AND OPINION GRANTING DEFENDANTS ROCKET MORTGAGE LLC AND RUBIN LUBLIN LLC'S MOTION [2] TO DISMISS

BEFORE THE COURT is Defendants Rocket Mortgage LLC and Rubin Lublin LLC's Motion [2] to Dismiss, which seeks dismissal of Plaintiff Tramica Newton's claims against them for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

Proceeding pro se, on October 6, 2023, Plaintiff Tramica Newton ("Plaintiff") filed a Complaint in Circuit Court of Hancock County, Mississippi, purportedly bringing claims against Defendants Deutsche Bank National Trust Company Americas, Rocket Mortgage LLC, and Rubin Lublin LLC relating to a debt collection. *See* State Court Record [1-1] at 4-22. Despite naming three Defendants in the case caption of the lawsuit, Plaintiff only lists Defendant Deutsche Bank National Trust Company America ("Deutsche") under the section labeled "PARTIES TO THIS ACTION" and as a Defendant in the introductory paragraph to the

1

Complaint. *Id.* at 4, 6. Defendants Rocket Mortgage LLC ("Rocket") and Rubin Lublin LLC ("Rubin") do not appear anywhere in the Complaint other than in the case caption, *see id.* at 4-22, and there are no factual allegations directed at them, *see id.* Throughout the Complaint, Plaintiff uses the singular word "Defendant" in describing her factual allegations, and asserts that "Defendant" has neither the standing nor the authority to collect the debt she allegedly owes. *See id.* She does not use the plural "Defendants" until Paragraph 70 in Count III of her Complaint, and uses it interchangeably with the singular "Defendant." *See id.* at 14-19. In total, Plaintiff uses the plural form "Defendants" in fifteen of her Complaint's 115 paragraphs, however, even in these fifteen paragraphs, she never names or refers to Rocket or Rubin. *See id.*

The Complaint advances seven claims for relief: violation of the Fair Debt Collection Practices Act ("FDCPA"); negligence; fraud in the concealment; fraud in the inducement; slander of title; declaratory relief; and rescission. *Id.* at 9-18. Rocket and Rubin removed the case to this Court on November 6, 2023, on the basis of federal question jurisdiction. *See* Not. [1] at 1-5. Based on the State Court Record [1-1], it appears that Plaintiff failed to serve any of the three Defendants prior to removal, and she has not caused any summonses to issue since removal. *See* State Court Record [1-1] at 1-22.

On November 13, 2023, Rocket and Rubin filed the present Motion [2] to Dismiss, seeking dismissal of all claims against them under Federal Rule of Civil Procedure 12(b)(6). *See* Mot. [2] at 1. They argue that the Complaint contains no

factual allegations directed against them, Mem. [4] at 3, and point out that they only appear in the case caption, *id.* Rocket and Rubin cite authority from other district courts holding that this is insufficient to state a claim against a particular defendant, even under the liberal construction of pleadings afforded to pro se plaintiffs. *Id.* at 3-5 (citing *Freeman v. J. P. Morgan Bank & Co.*, No. 1:20-CV-00087-MSM-PAS, 2022 WL 951856, at *5 (D.R.I. Mar. 30, 2022); *Lunsford v. Wythe Cty. Sheriff*, No. 7:18-CV-00038, 2019 WL 693320, at *2 (W.D. Va. Feb. 19, 2019); *Real v. Rescue Mission*, No. 2:14-CV-729-FTM, 2015 WL 2157480, at *3 (M.D. Fla. May 7, 2015); *Startup v. Bear Stearns Residential Mortg. Corp.*, No. SACV1001961JVSJCGX, 2011 WL 13227926, at *2 (C.D. Cal. Feb. 14, 2011); and *Clark v. Sierra*, 837 F. Supp. 1179, 1182 (M.D. Fla. 1993)). Thus, Rocket and Rubin contend that the claims against them should be dismissed. *Id.* at 4. Plaintiff has never responded to Rocket and Rubin's Motion [2], and the time for doing so has long passed. L.U. Civ. R. 7(b)(4).

## II.  DISCUSSION

A.  Rule 12(b)(6) standard

When presented with a motion to dismiss pursuant to Rule 12(b)(6), a court "must assess whether the complaint contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. . . ." *Spitzberg v. Houston Am. Energy Corp.*, 758 F.3d 676, 683 (5th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he court may not look beyond the pleadings in ruling on the motion," *Baker v. Putnal*,

75 F.3d 190, 197 (5th Cir. 1996), and must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff, *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citation omitted). A complaint does not need detailed factual allegations, but it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Factual allegations must raise a right to relief above the speculative level. *See id.* Further, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds)).

B.   <u>Analysis</u>

"It is black-letter law that '[w]here a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent [as] to the defendant except for his name appearing the caption, the complaint is properly dismissed, even under [a] liberal [pleading] construction. . . .'" *Mayo v. Bankers Life & Cas. Co.*, No. 2:10-CV-195KS-MTP, 2010 WL 4363392, at *2 (S.D. Miss. Oct. 27, 2010) (omission in original) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)); *see also Fontenot v. Texas*, No. 93-8567, 1994 WL 733504, at *3 (5th Cir. 1994) (holding that where a defendant appeared only in the caption of plaintiff's complaint, summary judgment was proper even though a pro se plaintiff's pleadings are to be liberally construed); *Bueno Invs., Inc. v. Depositors Ins. Co.*, No. EP-16-CV-60-KC, 2016 WL 1621619, at *2 (W.D. Tex. Apr. 4, 2016) (granting a motion to

dismiss where defendant's name did not appear in the body of the complaint and only in the caption).

Here, Plaintiff only named Rocket and Rubin in the caption of the Complaint, and neither Defendant appears in the body or text of the Complaint. *See* State Court Record [1-1] at 4-22. Plaintiff's intermittent use of the word "Defendants" does not rectify this problem because the Complaint's reference to Deutsche in the introductory paragraph is followed by a parenthetical stating "(hereinafter referred to as 'Defendant' or 'Defendants')[.]" *Id.* at 4. Given the foregoing, and because Plaintiff never mentions Rocket or Rubin by name in the Complaint, or alleges any facts regarding their involvement, the Court can only conclude the word "Defendants" refers to Deutsche alone. As such, Plaintiff's Complaint is facially insufficient to state a plausible claim for relief against Defendants Rocket and Rubin, and their Motion [2] to Dismiss should be granted. *See Fontenot*, 1994 WL 733504, at *3; *Mayo*, 2010 WL 4363392, at *2; *Depositors Ins. Co.*, 2016 WL 1621619, at *2.

III.  <u>CONCLUSION</u>

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendants Rocket Mortgage LLC and Rubin Lublin LLC's Motion [2] to Dismiss is **GRANTED**, and all claims against Defendants Rocket Mortgage LLC and Rubin Lublin LLC are **DISMISSED**.

**SO ORDERED AND ADJUDGED**, this the 7th day of February, 2024.

<u>*s/ Halil Suleyman Ozerden*</u>
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

6